**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAOUAD ORFI, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | |
| v. | Civil Action<br>No. 23-1698(KMW-AMD) |
| AMAZON SERVICES, LLC, | |
| Defendant. | **OPINION** |

APPEARANCES:

CHRISTOPHER J. EIBELER, ESQ.
SMITH EIBELER, LLC
101 CRAWFORDS CORNER ROAD
HOLMDEL, NJ 07733

    *Counsel for Plaintiff Jaouad Orfi*

AUGUST W. HECKMAN, III, ESQ.
JASON JOSEPH RANJO, ESQ.
MORGAN, LEWIS & BOCKIUS LLP
502 CARNEGIE CENTER
PRINCETON, NJ 08540

    *Counsel for Defendant Amazon Services, LLC*

**WILLIAMS, District Judge:**

### I. INTRODUCTION

Plaintiff Jaouad Orfi ("Plaintiff") brings this action against Defendant Amazon.com Services, LLC ("Defendant") alleging that Defendant violated the Family Medical Leave Act, 29 U.S.C.S. §§ 2601 *et seq.*, ("FMLA"), the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1 *et seq.*, ("NJLAD"), and engaged in defamation, tortious interference with Plaintiff's prospective economic advantage, and wrongful discharge, when Defendant terminated Plaintiff's employment. On the other hand, Defendant asserts that it had a good faith basis to terminate Plaintiff's employment because it believed that Plaintiff falsified a COVID-19 positive test result in December 2021 to fraudulently utilize FMLA and other benefits.

On March 24, 2023, Defendant removed Plaintiff's Complaint. ECF No. 1. Thereafter, Plaintiff amended his complaint, filing the operative Second Amended Complaint on June 26, 2024. ECF No. 32. On July 24, 2024, Defendant filed a Motion to Dismiss Counts Two, Eight, and Nine of Plaintiff's Second Amended Complaint. ECF No. 39. On August 8, 2024, Plaintiff filed a cross motion for Partial Summary Judgment. ECF No. 48. On September 9, 2024, Defendant replied. ECF No. 55. On September 23, 2024, Defendant filed a Motion to Seal relating to documents attached to Defendant's Motion to Dismiss and Plaintiff's Motion for Partial Summary Judgment. ECF No. 56. For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 32) is **GRANTED**, Plaintiff's cross motion for Partial Summary Judgment (ECF No. 48) is **DENIED**, and Defendant's Motion to Seal (ECF No. 56) is **GRANTED**.[1]

---

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.

## II.   BACKGROUND

On or around October 8, 2017, Plaintiff began his employment with Defendant as a full-time Fulfillment Associate at Defendant's Burlington, New Jersey location. Plaintiff's Statement of Material Facts ("SMF") at ¶ 1. On or about December 16, 2021, Plaintiff arrived at work experiencing symptoms of illness, and later that evening was contacted by his wife notifying him she had tested positive for COVID-19. SMF at ¶¶ 2-4. Plaintiff notified his manager and the human resources department of his wife's positive test result and went home to test himself for COVID-19. *Id.* at ¶¶ 6-7. On December 17, 2021, Plaintiff asserts that he went to the Children's Hospital of Philadelphia ("CHOP") to be tested and subsequently tested positive for COVID-19. *Id.* at ¶¶ 8-9. That same day Plaintiff asserts he contacted the human resources department to inform them of his positive test result and requested medical and family leave. *Id.* at ¶¶ 9-10. According to Plaintiff, he also submitted his test result to Defendant's Disabilities and Leave Services Department ("DLS"). *Id.* at ¶ 13. Plaintiff received paperwork related to his FMLA request outlining the documentation requirements and a form for his physician to complete concerning his COVID-19 diagnosis. *Id.* at ¶¶ 10-12, 15. Plaintiff was told that he was approved for FMLA leave. *Id.* ¶ 14.[2] Around March 8, 2022, an investigator from Defendant's DLS Fraud Division contacted Plaintiff with concerns that Plaintiff's COVID-19 test result was fraudulent, and informed him that when she contacted CHOP they did not have a patient record for Plaintiff. *Id.* at ¶¶ 16, 22, 24-25. Plaintiff asserted that his test results were legitimate and that he received testing as a family member to an employee of CHOP. *Id.* at ¶¶ 26-27, 29. The investigator requested that Plaintiff's healthcare provider submit additional documentation directly to Defendant to confirm his COVID-19 diagnosis. *Id.* ¶ 32. Plaintiff requested that the investigator

---

[2] The Court further notes that Plaintiff submitted his test result on December 17, 2021, was approved for FMLA leave from December 16-25, 2021, and returned to work on January 5, 2022. *See* Second Amended Complaint at ¶¶ 17-22.

3

call CHOP again, in part because the hospital declined to send the results outside of the patient's portal. *Id.* at ¶ 33. Plaintiff offered to send the patient portal results to the investigator but allegedly did not receive any further instruction from her. *Id.* at ¶¶ 36-37. On March 21, 2022, Defendant terminated Plaintiff because the Company believed that the documents Plaintiff submitted regarding his COVID-19 test results were fraudulent. *Id.* at ¶¶ 39-41.

Plaintiff finds issue with Defendant's procedure of investigating suspected fraud regarding sick leave requests, alleging that Defendant's standard of practice specifically instructs its investigators to directly contact a person's healthcare provider without their notice or permission, which, according to Plaintiff, violates FMLA, NJLAD, and other common law privacy rights. *Id.* at ¶¶ 18-21, 28, 42. Defendant objects to Plaintiff's assertions related to the investigation process in Plaintiff's case and the policy documents related to DLS investigations because no depositions have been taken of any persons that could have personal knowledge about the process or could authenticate the documents. *See* Defendant's Response to Plaintiff's SMF ("DR") at ¶¶ 10-13, 15, 17-21, 23, 28-35, 37-38. Further, Defendant objects to Plaintiff's assertions regarding his COVID-19 test because he has not yet been deposed. DR at ¶¶ 3-5, 8-9, 13, 23.

### III. LEGAL STANDARDS

#### A. Motion to Dismiss (ECF No. 39)

##### i. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed

4

factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

A district court may consider allegations in the complaint; matters of public record, orders, and exhibits attached to the complaint are taken into consideration. *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pac. LLC*, 945 F. Supp. 2d 543, 551 (D.N.J. 2013) (citing *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990)). Thus, generally, a district court cannot consider matters that are extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, courts may consider documents integral to or explicitly relied upon in the complaint without converting the motion to dismiss to one for summary judgment. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426). In this regard, it is critical to consider

"whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

### B. Cross-Motion for Partial Summary Judgment (ECF No. 48)

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) ("A fact is material if—taken as true—it would affect the outcome of the case under governing law."). Moreover, "[a] dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Santini*, 795 F.3d at 416 (quoting *Anderson*, 477 U.S. at 248).

The moving party bears the burden of identifying portions of the record that establish the absence of a genuine issue of material fact. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then "shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted)). To survive a motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson*, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). When considering a motion for summary judgment, the court views the facts and all reasonable

inferences drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

## IV.  DISCUSSION

Both Defendant's Motion to Dismiss and Plaintiff's Cross Motion for Summary Judgment focus on three claims added to the Second Amended Complaint: Count 2 asserting a FMLA interference claim, Count 8 requesting Declaratory Judgment that it is per se unlawful for a company to directly contact healthcare providers in the manner alleged, and Count 9 requesting equitable relief for the alleged FMLA violation, that Defendant must change its procedure for investigating fraud. ECF No. 32. First, the Court must address the premature filing of Plaintiff's Cross Motion for Summary Judgment. Plaintiff's SMF fails to comport with Federal Rule of Civil Procedure 56(c) ("FCRP 56(c)"). The Court notes that the cross motion was filed before discovery was complete, and that Defendant showed by its declaration that no depositions have taken place to substantiate many of the assertions set forth in Plaintiff's SMF, thereby creating doubt regarding the evidentiary basis for the facts asserted. This is particularly problematic given that the main thrust of two of Plaintiff's additional counts focuses on the company wide application of a "Standard Operating Procedure," (SOP), regarding Defendant's method of investigating potential fraud. DR at ¶¶ 10-13, 15, 17-21, 23, 28-35, 37-38. Notably, the declarations provided with Plaintiff's SMF does not include anyone with personal knowledge of the SOP document to attest to its validity or completeness. There is no testimony to explain how the SOP is applied beyond the scant evidence offered by notes taken by the investigator in Plaintiff's particular case, notes that are uncorroborated or further elucidated by a witness who could attest to those facts. Further, Defendant asserts several material issues of fact, specifically as to how Plaintiff's individual investigation progressed, that remains ambiguous from the little evidence available from the

investigator's notes alone. Therefore, the Court will deny Plaintiff's Cross Motion for Summary Judgment as premature pursuant to F.C.R.P. 56(d)(1).[3]

Next, the Court will assess the three claims at issue pursuant to a 12(b)(6) standard.

### A. Count 2 – FMLA Interference

The purpose of the FMLA is to "balance the demands of the workplace with the needs of families' and 'to entitle employees to take reasonable leave for medical reasons." *Mangar v. Amazon.com Services LLC*, No. No. 24-188, 2024 WL 5244667 at *3 (D.N.J. Dec. 28, 2024). The FMLA was enacted to provide up to twelve weeks of leave for workers in excess of what employers provide. *Id.* To protect an employee's right to take leave, the FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA pursuant to 29 U.S.C. § 2615(a)(1) (among other provisions). To maintain a cause of action for interference under the FMLA, a plaintiff must demonstrate that:

1) he or she was an eligible employee under the FMLA;
2) the defendant was an employer subject to the FMLA's requirements;
3) the plaintiff was entitled to FMLA leave;
4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and
5) the plaintiff was denied benefits to which he or she was entitled under the FMLA.

*Licwinko v. Celgene Corp.*, No. 20-255, 2020 WL 3819191 at *4 (Jul. 8, 2020) (quoting *Capps v. Mondelez Glob. LLC*, 846 F.3d 144, 155 (3d Cir. 2017)). Unlike an FMLA retaliation claim, '[a]n interference action is not about discrimination, it is only about whether the employer provided the

---

[3] "When Facts are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it[.]" F.C.R.P. 56(d)(1).

employee with the entitlements guaranteed by the FMLA." *Mangar*, 2024 WL 5244667 at *4 (quoting *Callison v. City of Philadelphia*, 430 F.3d 117, 120 (3d Cir. 2005)).

Here, it is undisputed that Plaintiff did take FMLA leave, and Plaintiff asserts in his Second Amended Complaint that he returned to work in January of 2022. *See* SMF at ¶ 14; *see also* Second Amended Complaint at ¶¶ 17-22 (asserting that Plaintiff submitted his test result on December 17, 2021, was approved for FMLA leave from December 16-25, 2021, and returned to work on January 5, 2022). Defendant terminated Plaintiff's employment in March of 2022 after allegedly investigating Plaintiff's COVID-19 test submission as potentially fraudulent several months after the fact. *See* SMF at ¶¶ 16, 39-41. Therefore, because Plaintiff utilized his FMLA leave, he cannot state a claim pursuant to the FMLA interference statute. *See* 29 U.S.C. § 2615(a)(1); *Mangar*, 2024 WL 5244667 at *4.

### B. Count 8 – Declaratory Judgment

In Plaintiff's Second Amended Complaint, he asserts a standalone claim for declaratory judgment, requesting that the Court hold that the SOP utilized in Plaintiff's fraud investigation is *per se* unlawful pursuant to the Federal Declaratory Judgment Act. *See* Second Amended Complaint at ¶¶ 123-152. It is beyond cavil that the Declaratory Judgment Act is not a standalone source of rights, but rather "a procedural vehicle for litigants to seek a declaration of their rights under some other law." *Hobson v. Hartford Ins. Co.*, (D.N.J. Sept. 28, 2022) (internal citations omitted). Therefore, Plaintiff's claim for declaratory judgement requires dismissal as a standalone claim. However, said dismissal does not preclude Plaintiff from seeking declaratory judgment as a remedy in connection with a substantive claim.

### C. Count 9 – FMLA Equitable Relief

Here, Plaintiff's "Count 9" seeks to enjoin Defendant from utilizing its SOP in the investigation of potential FMLA fraud, seeks training for Defendant regarding its "FMLA obligations," and any other relief as the Court sees fit. *See* Second Amended Complaint at ¶¶ 163-165. While the FMLA statute does provide equitable relief for employees suing an employer pursuant to 29 U.S.C. § 2617(a)(1)(B), (the statute notes examples, such as employment, reinstatement, and promotion),[4] it is not a standalone cause of action. *Minegar v. Amazon.com Services Inc.*, No. 22-2162, 2023 WL 2244997 at *5 (D.N.J. Feb. 27, 2023); *see also Craytor v. CTOS, LLC*, No. 20-19875, 2023 WL 3735883 at *8 (D.N.J. May 30, 2023) (entering summary judgment against the standalone "count" requesting equitable relief, the Court noting that the Court's entry of summary judgment as to the count did not preclude Plaintiff from seeking any relief, either in law or in equity, to which he is otherwise entitled under the other counts of his complaint, and to the extent that the entry of judgment against the standalone count of equitable relief demanded a form of relief that was not separately requested in any prior Count, such relief was deemed specifically demanded and preserved in advance of trial). Equitable relief through the FMLA can be obtained if Plaintiff succeeds in proving his FMLA retaliation claim in Count 1.

### V.     MOTION TO SEAL (ECF No. 56)

Requests to seal are governed by New Jersey Local Civil Rule 5.3, which requires that a request to seal must be presented by motion, and that the motion papers must describe "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief

---

[4] "(a) Civil action by employees. (1) Liability. Any employer who violates section 105 [29 USCS § 2615] shall be liable to any eligible employee affected . . . for such equitable relief as may be appropriate, including employment, reinstatement, and promotion." 29 U.S.C. § 2617(a)(1)(B).

sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2).

Although there is a well-established "common law public right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), "[a]n order to overcome this presumption of a public right of access, the movant must demonstrate that 'good cause' exists for the protection of the material at issue." *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes a particularized showing that disclosure will cause a "clearly defined and serious injury to the party seeking closure." *Id.* (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). Specifically, the movant must prove that the information is confidential in nature and that allowing the general public to access the information will cause a specific and serious injury. *See Pansy*, 23 F.3d at 786. "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." *Id.* (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

The Court must review the pending motions against the four factors as promulgated in L. Civ. R. 5.3(c)(2).

First, the motion clearly describes the nature of the materials at issue, thus meeting the first prerequisite, noting that the document at issue, while necessary for the Court's review to resolve the pending motions, contain sensitive information such as internal company policies and standards of practice. *See generally* Mot. Seal, Decl. Jason J. Ranjo, Esq., ("Ranjo Decl.").

Second, the motion asserts the legitimate private and public interests which warrant the relief sought, such as to protect Defendant's ability to conduct internal investigations and prevent fraud. *Id.*

11

Third, the motion asserts the clearly defined and serious injury that would result if the relief sought is not granted: the exposure of confidential information to the public that is normally not available to most employees at the company, thereby impeding Defendant's ability to detect and prevent fraudulent activity and causing financial loss, *id.*; and

Fourth, the Court agrees that there is no less restrictive alternative to filing the information requested under seal because document is entirely comprised of the confidential information. The fourth prerequisite is met.

Plaintiff opposes the Motion to Seal, arguing that the document does not contain trade secrets or other business-related information, and that the internal procedures outlined within the document enables Defendant to perpetuate its violations against its employees. *Id.*

Given that the document itself has not been authenticated by an Amazon employee and that there is no evidence from depositions to corroborate Plaintiff's assumptions and inferences about Defendant's policy document and how it is applied, the Court will act with an abundance of caution and seal this document for discovery purposes. The Parties may submit a motion to unseal the document at the appropriate time. Thus, the Motion to Seal is **GRANTED**.

## VI.  CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 32) is **GRANTED**, Plaintiff's cross motion for Partial Summary Judgment (ECF No. 48) is **DENIED**, and Defendant's Motion to Seal (ECF No. 56) is **GRANTED.**

An order consistent with this Opinion shall be entered.

March 10, 2024

KAREN M. WILLIAMS, U.S.D.J.